STATE OF MAINE                                    DISTRICT COURT
ANDROSCOGGIN, SS.                                 LOCATION: Lewiston
                                                  CIVIL ACTION
                                                  DOCKET NO. CV-08-790
                                                  JHW - AND - 12/23/2009

JEANNE L. BEAULIEU,

          Plaintiff

                                                  **DECISION AND JUDGMENT**
     v.

BERTRAND RINGUETTE,

          Defendant


          This matter came on to be heard before the undersigned justice on November 9, 2009. Plaintiff was represented by Scott J. Lynch, Esq., and defendant was represented by Brian D. Condon, Esq.

          Plaintiff filed a two-count complaint against the defendant, Count I alleging that defendant was unjustly enriched at the expense of plaintiff; and Count II alleging, pursuant to 33 M.R.S.A. §§ 1021-1025 that plaintiff made an improvident transfer of funds to defendant and that plaintiff is entitled to void that transfer.

          Defendant has filed a counterclaim against plaintiff for breach of contract.

          The following findings of fact and conclusions of law are made by the court after careful review of the proposed findings of fact and conclusions of law submitted by the parties. Those findings submitted by the parties, if they are not adopted by the court and are inconsistent with the court's findings and conclusions and judgment, should be considered as being rejected.

          Plaintiff is a sixty-two year old woman who has had problems with her health, is bipolar, and became disabled and unable to work around 1998. She suffered a stroke in

2001. She has a small pension check and receives social security. She cohabitated with the defendant for a number of years and was somewhat dependent on defendant, especially for her transportation and some other needs as well.

Defendant owned an Isuzu Rodeo for transportation which he provided to the relationship and which was in defendant's name.

In August of 2007, $16,031.25 was withdrawn from a bank account at Sabattus Regional Credit Union to purchase a 2005 Jeep Cherokee, a vehicle that was titled and registered in defendant's name only. Even though both names were on the account, pursuant to 18-A M.R.S.A. § 6-103(a), the account was almost entirely the property of plaintiff, she being the party who made almost all of the contributions to the account.

The court finds that plaintiff made a substantial contribution toward the purchase of the Jeep, namely almost all of the $16,031.25, and that defendant contributed the $2400 trade-in of the Isuzu Rodeo, and also contributed his time and services by transporting plaintiff to her medical and other appointments.

## UNJUST ENRICHMENT

About five months after the purchase of the Jeep, the relationship of the parties ended, and defendant retained the Jeep and refused to pay any compensation to the plaintiff. Unjust enrichment can occur when (1) a benefit has been conferred on the defendant by the plaintiff; (2) there is an appreciation or knowledge by the defendant of the benefit; and (3) when in the circumstances of the case, is inequitable for the defendant to retain the benefit. *Thibeault v. Brackett*, 938 A.2d 27, 32 (citing *Aladdin Elec. Assocs. v. Town of Old Orchard Beach*, 654 A.2d 1142, 1144 (Me. 1994)).

Here, the plaintiff conferred a benefit on the plaintiff by paying by far the greater share of the payment for the Jeep Cherokee, the defendant was aware of that benefit,

2

and in these circumstances, where the relationship between the parties ended five months following the purchase of the Jeep, and the defendant retained title to and sole possession of the vehicle, it is inequitable for the defendant to retain that benefit without paying some compensation to the plaintiff.

The amount of benefit conferred on the defendant that the court finds inequitable for the defendant to retain is $5000. Accordingly, the plaintiff is entitled to recover on Count I of her complaint in the amount of $5000.

## IMPROVIDENT TRANSFER

The court is not persuaded that the transfer of money from the Sabattus Regional Credit Union account to the plaintiff triggers the presumption of undue influence or constitutes an improvident transfer within the meaning of 33 M.R.S.A. §§ 1021-1025, the Improvident Transfers of Title Act. Although plaintiff was sixty years old at the time of the transfer, there was not a sufficient disparity of position and influence between the parties, and plaintiff was not sufficiently dependent on defendant within the meaning of the statute. Accordingly, the plaintiff has failed to prove the elements of an improvident transfer.

## COUNTERCLAIM—BREACH OF CONTRACT

The court is not persuaded that there was any breach of contract by the plaintiff and that defendant has failed to prove the elements of his counterclaim for breach of contract.

The entry is:

> Count I of plaintiff's complaint, unjust enrichment: judgment for the plaintiff in the amount of $5000 plus interest and costs.

3

Count II of plaintiff's complaint, improvident transfer of title: judgment for the defendant.

Defendants counterclaim for breach of contract: judgment for the plaintiff.

DATED: December 23, 2009

_____
Robert W. Clifford
Active Retired Justice

4